Wang v. Garland

BIA
Loprest, IJ
A209 383 792

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand twenty-four.

PRESENT:
> JON O. NEWMAN,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

WEN XIAN WANG,
> *Petitioner,*

v.                                                                          **22-6529**
                                                                            **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Thomas V. Massucci, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Jaclyn G. Hagner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wen Xian Wang, a native and citizen of the People's Republic of China, seeks review of an October 19, 2022, decision of the BIA affirming a June 17, 2019, decision of an Immigration Judge ("IJ") finding Wang's testimony not credible, and therefore denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Xian Wang,* No. A209 383 792 (B.I.A. Oct. 19, 2022), *aff'g* No. A209 383 792 (Immigr. Ct. N.Y.C. June 17, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA and consider only those grounds for the adverse credibility determination that the BIA relied on. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). "We

2

review *de novo* questions of law and the application of law to fact," and "[w]e review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."

*Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Wang alleged that he became involved in Christianity in China in 2008, and that he attended an "underground" church every Sunday until October of that year, when the police raided a church gathering and arrested and detained him. He alleged that he was held for one month until his father paid a bribe for his release and he promised to stop attending church. He alleged that he had to report to the police monthly, but resumed attending church in 2016, only to be arrested again and detained for 15 days. The IJ determined that Wang's allegations were not credible, and the BIA affirmed. Substantial evidence supports the agency's determination.

First, Wang did not mention the alleged 2016 arrest and detention during a border interview conducted by a Customs and Border Protection Officer on September 3, 2016, shortly after Wang was apprehended entering the United States. The agency reasonably relied on this omission. The agency "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

4

Although we have cautioned that "in general omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose." *Hong Fei Gao*, 891 F.3d at 78 (quotation marks omitted). The 2016 arrest was one of only two incidents of persecution, and was the one closest in time to the interview, occurring less than three months before Wang entered the United States. Accordingly, he would reasonably be expected to remember and mention that incident given that he mentioned an arrest eight years earlier in 2008. *See Jian Liang v. Garland*, 10 F.4th 106, 115 (2d Cir. 2021) (upholding adverse credibility determination where petitioner omitted "critical information" that petitioner "would reasonably have been expected to disclose much earlier"). The agency was not required to credit his explanation that he was afraid or could not remember. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)); *see also Ming Zhang v. Holder*, 585 F.3d 715, 722 (2d Cir. 2009) (finding that "[p]etitioner's subsequent assertions

that she was 'nervous' and 'afraid' during [a border] interview" did not undermine the determination that the interview record was reliable).

Second, the agency reasonably relied on Wang's false statement on an earlier visa application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In a 2013 application for a tourist visa, Wang claimed that he was a "deputy owner" of a "KTV club," but the interviewer's notes indicated that he had been unable to remember the address of the club. Wang testified that everything in that visa application was true and accurate; but his asylum application did not reflect that employment. When confronted, Wang testified that he "wasn't officially employed for the singing and dancing venue" but was "doing an internship." Stating that he was a "deputy owner" as opposed to an intern shows a willingness to lie to secure immigration benefits, and whether he was even an intern is called into question by his inability to give the address when he applied for the visa and the omission of the employment from his asylum application. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may

6

(if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Further, as the agency reasoned, Wang's statement was not excusable as one made to flee persecution. *See Rui Ying Lin v. Gonzales*, 445 F.3d 127, 134 (2d Cir. 2006). Wang testified that he had not lied on the visa application, and he did not argue or testify before the agency that he applied for it to flee persecution; rather, he testified that he had applied for the visa to take a trip to the United States, but intended to return to China.

Finally, Wang's failure to reliably corroborate his testimony provides further support for the adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The BIA did not err in concluding that Wang waived review of the IJ's corroboration findings because his brief to the BIA addressed the findings in a single conclusory sentence. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (finding abandoned claim raised "in a single conclusory sentence"). Accordingly, any challenge to the corroboration findings is

7

unexhausted. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023). Moreover, the agency does not err in declining to give weight to statements from interested parties or declarants who are unavailable for cross-examination, *see Likai Gao*, 968 F.3d at 149, and much of Wang's evidence consisted of identity documents and information about his practice of Christianity in the United States that did not corroborate his past persecution or resolve the credibility issues, *see Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

In sum, taken together, Wang's failure to mention during his border interview the most recent serious incident of alleged persecution, his false statements in a prior visa application, and the lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. That adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same facts. *Hong Fei Gao*, 891 F.3d at 76. Contrary to Wang's contention here, his lack of credibility is dispositive of his claim of future religious persecution, because it undercuts his claim that he is in fact a practicing Christian who would again attend church in

8

China and thereby be subject to persecution. *See id.*; *Paul v. Gonzales*, 444 F.3d 148, 156–67 (2d Cir. 2018).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
